No. 10,174
Orleans

---

## TERESE v. HOUMA MERCANTILE COMPANY, INC.

(April 26, 1926, Opinion and Decree)
(May 10, 1926, Rehearing Refused)

*(Syllabus by the Court)*

1. Louisiana Digest—Automobiles—Par. 7 (e), 8.
Where the evidence tending to establish negligence on the part of the drivers of colliding automobile trucks is otherwise in balance, and, it appears that one of them jumped from his truck prior to the accident, and the other did not, the fault will be imputed to the jumping driver because it is probable that his truck was in control when there existed a last chance of avoiding the accident.

Appeal from the Twenty-fourth Judicial District Court for the Parish of St. Charles, Hon. L. Robert Rivarde, Judge.

Action by Joseph Terese against the Houma Mercantile Company, Inc. There was judgment for plaintiff and defendant appealed.

Judgment reversed and case remanded.

Prowell and McBride, of New Orleans, attorneys for plaintiff, appellee.

Spearing, Miller and Mabry, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This suit results from a collision between two "Reo Speed Wagons" one belonging to plaintiff and the other to defendant..

Plaintiff claims $2117.60 and defendant reconvenes, asking $1080.98, as damages, alleged to have been caused by the accident. There was judgment for plaintiff for $1802.60 dismissing the reconventional demand. Defendant has appealed.

The accident occurred on the public road in the Parish of St. Charles about 20 miles from the City of New Orleans. Plaintiffs' truck was laden with fruit and vegetables and operated as a peddler's' wagon in partnership with one Peter Hammond, who was driving at the time of the accident in the direction of Houma, La. Defendant's truck was loaded with dried shrimp in barrels and was in charge of one Wilsey J. Martin as chauffeur. There

were only four witnesses to the accident, two on each truck and each witness testified in a spirit of loyalty to the truck on which he was riding. Consequently, we have two witnesses supporting the contention that plaintiff's truck was on the right or proper side of the road and defendant's truck on the same side or its left and improper side, and we also have two witnesses supporting exactly the opposite and contrary. We are therefore unable to determine where the trucks were just before colliding as the only thing in this connection that is agreed upon is that both were on the road. Nor can we get much light from the position of the trucks after the accident notwithstanding counsel's strenuous insistence upon the illuminating character of the evidence in this respect.

In the first place it is at least doubtful whether there is any testimony showing the relative position of the trucks as they came to rest immediately after the impact.

We are referred to evidence of two witnesses, Messrs. Delong and Dufriend who claim to have arrived fifteen minutes after the accident though how they determined that fact is not easy to surmise and is not explained. These witnesses think the trucks had not been disturbed since the accident and they are in accord as to the position of the trucks when they reached the scene. But it is quite likely that the trucks had been moved for the passenger on plaintiff's truck, Albert Stetienne, testified that the trucks were pushed back just after the accident and John Prejean, the passenger on defendant's truck, said they were pulled apart by a "White truck", which appeared just after the collision and disappeared without either party being able to locate the truck or driver thereafter. Since Delong and Dufriend also claim that the trucks were moved in their presence we find nothing very satisfactory

in the evidence. Besides their statement that the cars were each diagonally across the road so situated that a line drawn parallel with their sides would if extended form an acute angle with the radiator of each facing the apex, is not very convincing evidence of negligence upon the part of either driver, for both testify that just prior to the accident, in a last effort to avoid contact they steered their trucks in a manner calculated to affect this juxtaposition after the impact. Perhaps we should say it is suggestive of negligence on the part of both and our first impression of this case was that the negligence of each driver contributed to the accident. But upon further reflection and after careful reading of the record was are of a different opinion.

We have said that the testimony from which negligence might be established on the part of either driver in relation to his position on the road was in balance and nothing else can be said of it. We have yet to consider other aspects of the case as presented by the record. Plaintiff's driver says he was running about 16 miles per hour and seeing the defendant's truck did not turn out of his path he endeavored to stop and had checked his speed to 6 miles per hour when the trucks collided. He says he saw the defendant's truck coming towards him when about three-quarters of a city block distant though it seems he is of the impression that a city block is only 100 feet long. Defendant's truck he claims was coming at great speed, 40 miles per hour, and when about 25 feet away, the driver of defendant's truck jumped off to the left and his companion jumped to the right leaving the truck without a driver or passenger.

The driver of defendant's truck claims

to have seen the plaintiff's truck when only 40 feet away and it has been figured by a witness in the case that if both cars were travelling toward each other at the rate of fifteen miles which defendant's driver says was the case that the gap would be closed in nine-tenths of a second. He says his vision was somewhat affected by the fog which prevailed at the time but does not claim to have made any effort to stop his truck though he says that at fifteen miles per hour he could have stopped in seventeen feet. He makes no denial of plaintiff's driver's statement about jumping off though he does say in a casual manner and when asked "After you met what happened?" "I was thrown out on my left hand side." John Prejean who was riding with defendant's driver first stated in speaking of Martin the driver of defendant's truck "He jumped to the left when the two trucks met. I fell out on one side and him on the other. He must have evidently been thrown out, too, afterwards." This statement is afterwards qualified if not retracted.

We agree with the trial judge in his conclusion that the driver of the defendant's truck jumped before the impact. Both of plaintiff's witnesses are positive in this regard and defendant's driver himself can hardly be said to deny it. The other person on the defendant's truck if he does not support the proposition at least detracts nothing from it. We also agree with our brother below in holding the defendant alone as responsible for the accident for however instinctive the idea of self preservation may be, and without any criticism of the driver who jumped in obedience to its promptings, it is nevertheless self-evident that a driverless truck is less subject to control than one with a driver. If he jumped when twenty-five feet away as the other driver claimed

which according to the calculations in the record would be about half a second before the impact he must have taken the pressure off the brakes, assuming he was doing what he should have done, trying to stop the car and even that short time might have been a factor. It is more probable that he jumped sooner for half a second is a little too close a margin of safety. At all events he jumped and, though it was perhaps the prudent thing to do, we must conclude that it was negligence in this instance particularly when called upon to determine the responsibility for the collision between a jumping and a non-jumping driver.

As to the quantum of damages, we find the record most unsatisfactory. Plaintiff claimed and was allowed the full value of his truck upon the theory as alleged that it could not be repaired. On the trial of the case his counsel announced that since the filing of suit contrary to plaintiff's information upon which he based his claim the truck had been repaired and he offered to prove the cost thereof. Upon objection the evidence was excluded upon the ground that it tended to vary the pleadings. We think the evidence should have been received. Its effect was to reduce plaintiff's claim and amounted to a waiver, pro tanto, of it. We see no reason why this cannot be done particularly in view of the explanation accompanying the offer of proof. The other items allowed by the trial court seem to us in order but the case must be remanded for further evidence as to the cost of the repairs made necessary to plaintiff's truck by the accident.

For the reasons asisgned the judgment appealed from is reversed and this cause remanded for further proceedings not inconsistent with this opinion and according to law.